# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| STEVE YAPUNCICH,<br><br>Plaintiff,<br><br>vs.<br><br>JULIE YARLOTT, CHIEF JUDGE; DONNA FALLS DOWN, COURT ADMINISTRATOR; UNKNOWN, APPELLATE JUDGE; and DIAN CABRERA, PROSECUTOR,<br><br>Defendants. | Cause No. CV 11-00070-BLG-RFC-CSO<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION TO DISMISS PETITION |

Pending is Plaintiff Steve Yapuncich's "Petition for Writ of Mandamus to the United States 9th Circuit Court Billings, Montana." *Court Doc. 1 at 1*. Yapuncich filed a separate motion to proceed in forma pauperis. *Court Doc. 2*. Because it appears Yapuncich lacks sufficient funds to prosecute this action, Yapuncich's motion to proceed in forma pauperis will be granted.

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
FINDINGS AND RECOMMENDATION TO DISMISS PETITION –
CV 11-00070-BLG-RFC-CSO / PAGE 1

## I. STATEMENT OF THE CASE

### A. Parties

Yapuncich is a resident of Wyola, Montana. He indicates that he is a legal advocate in the Crow Tribal Court. Although he only names himself as a plaintiff, it appears that he may be seeking relief on behalf of other individuals whom he represents in the Crow Tribal Court. This he cannot do. Yapuncich is not an attorney admitted to practice before this Court and so can only appear on his own behalf. He cannot represent others. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966).

The named Defendants are Julie Yarlott, Chief Judge; Donna Falls Down, Court Administrator; Unknown Appellate Judge; and Dian Cabrera, Prosecutor. All defendants are associated with the Crow Tribal Court.

### B. Allegations

Yapuncich seems to complain that the Crow Tribal Court by and through the named defendants are not filing motions he files on behalf

of his "clients." He indicates motions filed with the court are summarily refused by the court administrator. He claims the court administrator is interfering with motions, rulings, and appeals without authority. He complains that no final orders have been issued in his cases, thus interfering with his ability to appeal those cases. He contends the standard operating procedure of the Crow Tribal Court has been to refuse to notify him as advocate of hearings, trials, or orders despite being representative of record and his twenty-dollar ($20.00) fee being accepted by the Crow Court. He has also been denied the opportunity to appear on behalf of a defendant. He contends that "All cases are far beyond Speedy Trial Date; all are Failure to Prosecute; all are Lack of Due Process as Prosecutor, Clerk, Jury and Judge failed to show at any and all jury trials." (*Court Doc. 1, p. 2-3*).

He contends defendants' actions are impacting his right to earn a living. He also complains of a complete failure of court personnel to perform their duties.

Yapuncich seeks an order requiring defendants to abide by the

law, dismiss the cases cited in his petition with prejudice, require that arraignments be taped as mandated, institute a system for surety bonds, allow defendants the representation of their choice, require that filing fees and statements of representation be equally applied to defense and prosecution; cause the Crow Court to instigate legal recourse for prisoners brought before the bench without sworn complaint; to restrain the court administrator and prosecutor from returning documents to Yapuncich and to serve the Chief Judge with all motions; and require the court to provide notice to Yapuncich. (*Court Doc. 1, p. 6*).

## II. SCREENING PER 28 U.S.C. § 1915(e)(2)

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent the claims are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); Calhoun v. Stahl, 254 F.3d 845, 845 (9th

Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of their "entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. 544.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
FINDINGS AND RECOMMENDATION TO DISMISS PETITION –
CV 11-00070-BLG-RFC-CSO / PAGE 5

face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).  The "plausibility standard" is guided by two working principles.  Iqbal, 129 S.Ct. at 1949.  First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949.  "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S.Ct. at 1950.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. Iqbal, 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950.

Even after Twombly, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson, 127 S.Ct. at 2200; Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); see also Hebbe v. Pliler, 627 F.3d 338 (9th Cir. 2010)(pro se filings construed liberally when evaluated under Iqbal).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The

court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

## III. ANALYSIS

Yapuncich is seeking a writ of mandamus pursuant to 28 U.S.C. § 1651 to order the Tribal Court to respond to motions in cases he has filed on behalf of clients and to otherwise comply with the Crow Constitution, the U.S. Constitution, and the Indian Civil Rights Act of 1968. The Court may not grant the requested relief.

Section § 1651, otherwise known as the All Writs Act, provides in relevant part:

> The Supreme Court and all courts established by Act of
> Congress may issue all writs necessary or appropriate in aid

of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).

The All Writs Act grants extraordinary relief in appropriate circumstances, but it is not a source of subject matter jurisdiction. United States v. Denedo, ___ U.S. ___, ___, 129 S.Ct. 2213, 2222, 173 L.Ed.2d 1235 (2009); see also Hamilton v. Nakai, 453 F.2d 152, 157 (9th Cir. 1972) (Section 1651(a) "does not confer original jurisdiction, but rather, prescribes the scope of relief that may be granted when jurisdiction otherwise exists."). The Act "is not a grant of plenary power to the federal courts," but instead "is designed to preserve jurisdiction that the court has acquired from some other independent source in law." Doe v. INS, 120 F.3d 200, 204–05 (9th Cir. 1997). The Act does not constitute a waiver of sovereign immunity. Stimac v. Haag, 2010 WL 3835719 *2 (N.D.Cal. September 29, 2010). Hence, the Act cannot be used to waive the Tribe's or tribal official's sovereign immunity, and does not provide an independent source of jurisdiction over defendants.

The All Writs Act is not a grant of plenary power to the federal

courts. Plum Creek Lumber co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). "The peremptory writ of mandamus has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' " Will v. United States, 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967) (quoting Roche v. Evaporated Milk Association, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943)).

By way of analogy, a federal court cannot issue a writ of mandamus to a state court. See Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991). It follows that a federal court does not have jurisdiction over a tribal court action. A tribal court is not an inferior court to the federal court. The Tribal Court's interpretation of tribal law is binding on this Court. Marceau v. Blackfeet Housing Authority, 519 F.3d 838, 843 (9th Cir. 2008) (*opinion amended and superseded on other grounds at* 540 F.3d 916 (9th Cir. 2008)). Therefore, the Court cannot issue a writ of mandamus directing

the Tribal Court to act on the motions or cases filed by Yapunich.

Moreover, there does not appear any basis for jurisdiction. Federal courts are courts of limited jurisdiction and can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). A federal court has a duty to determine its subject matter jurisdiction during the pendency of an action. <u>United Investors Life Ins. Co. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 966, 967 (9th Cir. 2004); <u>see also</u> <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) (holding that the courts, on their own motion, are under a duty to raise the question of lack of federal jurisdiction at any time that such lack appears).

There are many ways to establish federal subject matter jurisdiction. For example, Congress has authorized federal jurisdiction in cases which present a federal question as set forth by 28 U.S.C. § 1331, or where there is complete diversity of citizenship and the amount

in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332. In this case, there is not complete diversity of citizenship as the parties all appear to be citizens of Montana. In addition, Yapuncich has not alleged that the amount in controversy exceeds $75,000.00.

Similarly, there is no federal claim alleged with regard to Yapuncich. While the issues pertaining to Yapuncich's "clients" may raise federal claims of due process, speedy trial, etc., the only allegation personal to Yapuncich is the alleged interference with his "right to earn a living." There is no constitutional or federal right to earn a living. Yapuncich simply does not raise a federal issue. The allegation that the Crow Tribal Court may not be following its own rules does not give rise to a federal cause of action.

As the party seeking to invoke federal subject matter jurisdiction, Yapuncich has the burden to establish that jurisdiction in this court exists over each defendant sued. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F. 2d 1280 (9th Cir. 1977). He has not alleged or established that the Court has such subject matter jurisdiction over

these defendants.

The Court has considered whether Yapuncich should be given the opportunity to amend his petition. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Leave to amend would clearly be futile in this case given the obvious deficiencies in the claims stated in the petition.

Accordingly, the Court issues the following:

## ORDER

1. Yapuncich's Motion for Leave to Proceed in forma pauperis (*Court Doc. 2*) is GRANTED. The Clerk of Court shall waive prepayment of the filing fee.

2. At all times during the pendency of this action, Yapuncich

SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

### RECOMMENDATIONS

1. The Petition for Writ of Mandamus (*Court Doc. 1*) should be dismissed because it fails to state a claim upon which relief can be granted and the Court lacks jurisdiction. The Clerk of Court should be directed to close this matter.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The lack of subject matter jurisdiction in this

case is so clear that no reasonable person could suppose an appeal would have merit. The record makes plain that the Petition fails to state a federal claim upon which relief may be granted.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Yapuncich may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in

part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 12th day of August, 2011.

    /s/   *Carolyn S. Ostby*
    United States Magistrate Judge