FILED
BILLINGS DIV.
2011 SEP 14 PM 12 32
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| STEVE YAPUNCICH, <br><br> Plaintiff, <br><br> vs. <br><br> JULIE YARLOTT, CHIEF JUDGE; DONNA FALLS DOWN, COURT ADMINISTRATOR; UNKNOWN APPELLATE JUDGE; AND DIAN CABRERA, PROSECUTOR, <br><br> Defendants. | CV-11-0070-BLG-RFC <br><br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On August 12, 2011, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court dismiss the Petition for Writ of Mandamus.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the August 12, 2011 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all

1

objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

Plaintiff is a legal advocate in the Crow Tribal Court. He is not an attorney admitted to practice before this Court and so can only appear on his own behalf. He cannot represent others. *See McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966).

Plaintiff seems to complain that the Crow Tribal Court by and through the named defendants are not filing motions he submits on behalf of his "clients." He indicates motions filed with the court are summarily refused by the court administrator and the court administrator is interfering with motions, rulings, and appeals without authority. He complains that no final orders have been issued in his cases, thus interfering with his ability to appeal those cases. He also contends the standard operating procedure of the Crow Tribal Court has been to refuse to notify him of hearings, trial, or orders despite being representative of record and his twenty dollar ($20.00) fee being accepted by the Crow Court. He has also been denied the opportunity to appear on behalf of a defendant. He contends that "All cases are far beyond Speedy Trial Date; all are Failure to Prosecute; all are

Lack of Due Process as Prosecutor, Clerk, Jury and Judge failed to show at any and all jury trials." [*Doc. 1*].

Plaintiff contends defendants' actions are impacting his right to earn a living and complains of a complete failure of court personnel to perform their duties.

Plaintiff seeks relief in the form of an order requiring defendants to abide by the law, dismiss the cases cited in his petition with prejudice, require that arraignments be taped as mandated, institute a system for surety bonds, allow defendants the representation of their choice, require that filing fees and statements of representation be equally applied to defense and prosecution; cause the Crow Court to instigate legal recourse for prisoners brought before the bench without sworn complaint; to restrain the court administrator and prosecutor from returning documents to Plaintiff and to serve the Chief Judge with all motions; and require the court to provide notice to Plaintiff. [*Doc. 1*].

Plaintiff is seeking a writ of mandamus pursuant to 28 U.S.C. § 1651 to order the Tribal Court to respond to motions in cases he has filed on behalf of clients and to otherwise comply with the Crow Constitution, the U.S. Constitution, and the Indian Civil Rights Act of 1968.

Section 1651, otherwise known as the All Writs Act, provides in relevant part:

3

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law.

28 U.S.C. § 1651.

The All Writs Act grants extraordinary relief in appropriate circumstances, but it is not a source of subject matter jurisdiction. *United States v. Denedo*, ___ U.S. ___, ___, 129 S.Ct. 2213, 2222, 173 L.Ed.2d 1235 (2009); *see also Hamilton v. Nakai*, 453 F.2d 152, 157 (9th Cir. 1972) (Section 1651(a) "does not confer original jurisdiction, but rather, prescribes the scope of relief that may be granted when jurisdiction otherwise exists."). The Act "is not a grant of plenary power to the federal courts," but instead "is designed to preserve jurisdiction that the court has acquired from some other independent source in law." *Doe v. INS*, 120 F.3d 200, 204–05 (9th Cir. 1997). The Act does not constitute a waiver of sovereign immunity. *Stimac v. Haag*, 2010 WL 3835719 *2 (N.D.Cal. September 29, 2010). Hence, the Act cannot be used to waive the Tribe's or tribal official's sovereign immunity, and does not provide an independent source of jurisdiction over defendants.

The All Writs Act is not a grant of plenary power to the federal courts. *Plum Creek Lumber co. v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979). "The peremptory writ of mandamus has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction

or to compel it to exercise its authority when it is its duty to do so.'" *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967) (quoting *Roche v. Evaporated Milk Association*, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943)).

Moreover, there is no basis for jurisdiction. Federal courts are courts of limited jurisdiction and can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). A federal court has a duty to determine its subject matter jurisdiction during the pendency of an action. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966, 967 (9th Cir. 2004); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) (holding that the courts, on their own motion, are under a duty to raise the question of lack of federal jurisdiction at any time that such lack appears).

There are many ways to establish federal subject matter jurisdiction. For example, Congress has authorized federal jurisdiction in cases which present a federal question as set forth by 28 U.S.C. § 1331, or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332. In this case, there is not complete diversity of citizenship as the parties all appear to be citizens of Montana. In addition, Plaintiff has not

5

alleged that the amount in controversy exceeds $75,000.00.

Similarly, there is no federal claim alleged with regard to Plaintiff. While the issues pertaining to Plaintiff's "client" may raise federal claims of due process, speedy trial, etc., the only allegation personal to Plaintiff is the alleged interference with his "right to earn a living." There is no constitutional or federal right to earn a living. Plaintiff simply does not raise a federal issue. The allegation that the Crow Tribal Court may not be following its own rules does not give rise to a federal cause of action.

The Court has considered whether Yapuncich should be given the opportunity to amend his petition. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Leave to amend would clearly be futile in this case given the obvious deficiencies in the claims stated in the petition.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Therefore, IT IS HEREBY ORDERED the Petition for Writ of Mandamus [*Doc. 1*] is **DISMISSED**.

The Clerk of Court is directed to enter judgment and close this matter. The Clerk of Court is also directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The lack of subject matter jurisdiction in this case is so clear that no reasonable person could suppose an appeal would have merit. The record makes plain that the Petition fails to state a federal claim upon which relief may be granted.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 14th day of September, 2011.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE